THE HONORABLE JOHN C. COUGHENOUR*

1

2

3

4

5

6

7       UNITED STATES DISTRICT COURT
        FOR THE CENTRAL DISTRICT OF CALIFORNIA
8              WESTERN DIVISION

9   DANIEL DAVID DYDZAK,                    CASE NO. C11-5560-JCC

10                    Plaintiff,            ORDER

11          v.

12   TANI CANTIL-SAKAUYE, et al.

13                    Defendants.

14

15          In its order of March 2, 2012, the Court dismissed on its own motion *pro se* Plaintiff

16   Daniel Dydzak's Complaint. (Dkt. No. 16.) Based on the apparent frivolousness of the

17   allegations in the Complaint, the Court also ordered Mr. Dydzak to show cause why he should

18   not be sanctioned for failure to comply with Federal Rule of Civil Procedure 11. Mr. Dydzak's

19   history of litigation related to his state bar disciplinary proceedings warrants further scrutiny. The

20   Court therefore issues the following Order.

21   I.     **BACKGROUND**

22          This is Mr. Dydzak's fourth federal lawsuit challenging his 2008 disbarment. In the first

23   such case, *Dydzak v. State of California, et al.*, C08-7765-VAP (AGR) (C.D. Cal. 2008) (*Dydzak*

24   *I*), Mr. Dydzak alleged that individual defendants in separate actions he had been litigating prior

25

26          * Designated by Ninth Circuit Chief Judge Alex Kozinski to preside over this case
        pursuant to 28 U.S.C. § 292(b).

1   to his disbarment had exerted improper influence over his state bar proceedings. He sued the

2   State of California, the State Bar Court, and numerous judges and attorneys affiliated with the

3   State Bar Court for deprivation of rights under 42 U.S.C. § 1983. On the defendants' motion to

4   dismiss, U.S. Magistrate Judge Alicia Rosenberg recommended that the claims for injunctive and

5   declaratory relief be dismissed based on *Younger* abstention, and that the claims for monetary

6   relief be dismissed based on Eleventh Amendment and quasi-judicial immunity. (*Id.*, Dkt. No.

7   45.) U.S. District Judge Virginia Phillips adopted the report and recommendation and granted the

8   motion to dismiss. (*Id.*, Dkt. No. 48.)

9       Following entry of judgment in the matter, Mr. Dydzak filed a motion requesting that

10  Judges Phillips and Rosenberg be disqualified. The motion was referred to Judge R. Gary

11  Klausner, who issued an order denying the motion to disqualify. (*Id.*, Dkt. No. 54.) Mr. Dydzak

12  promptly moved to disqualify Judge Klausner. In an eight-page order, Judge Margaret Morrow

13  denied that motion. (*Id.*, Dkt. No. 61.) Following a flurry of rejected motions by Mr. Dydzak,

14  including a motion for reconsideration, a motion to reopen his case, and an additional motion to

15  disqualify Judges Phillips and Rosenberg, Mr. Dydzak moved to disqualify all of the judges in

16  the U.S. District Court for the Central District of California. (*Id.*, Dkt. No. 95.) That motion was

17  referred to Judge George Wu, who issued yet another thoroughly drafted order denying the

18  motion. (*Id.*, Dkt. No. 98.) Judge Wu also referred to Judge Morrow the issue of whether to

19  sanction Mr. Dydzak for his disregard of the prior-issued orders for disqualification. Mr. Dydzak

20  appealed the judgment in the matter to the Ninth Circuit, which summarily affirmed. (*Id.*, Dkt.

21  No. 107; CA 09-56325, Dkt. No. 12 (9th Cir. Nov. 18, 2009).)

22      On February 4, 2010, Mr. Dydzak submitted a new application to the court to proceed *in*

23  *forma pauperis*, along with a complaint naming the same defendants named in *Dydzak I*, along

24  with several additional individual defendants. *See Dydzak v. Remke et al.*, C10-0828-UA-AGR

25  (C.D. Cal. 2010). The proposed complaint recycled the allegations from *Dydzak I.* Judge Audrey

26  Collins denied Mr. Dydzak's request to proceed *in forma pauperis* and rejected the complaint,

1  finding that it failed to state a claim, that *res judicata* barred claims that were the same as those

2  in *Dydzak I*, and that the claims for injunctive and declaratory relief were barred by *Younger*

3  abstention. (*Id.*, Dkt. No. 2.)

4      Ten days later, Mr. Dydzak initiated another lawsuit under 42 U.S.C. § 1983. *See Dydzak*

5  *v. Remke, et al.*, C10-1297-AHM-AGR (C.D. Cal. 2010) (*Dydzak II*). He named nearly all of the

6  defendants from *Dydzak I*, along with Judges Rosenberg, Phillips, Morrow, Klausner, Wu, and

7  Collins. On Judge Percy Anderson's order to show cause why the claims against the federal

8  judges should not be dismissed based on judicial immunity, Mr. Dydzak voluntarily dismissed

9  the claims against the judges, and Judge Anderson discharged the order. Judge Gary Feess, the

10  Case Management & Assignment Committee Chair for the Central District, reassigned the case

11  to Judge Phillips pursuant to General Order 08-05, which requires that when a case is closed and

12  *an identical case is re-filed*, it must be transferred to the originally assigned judge. (*Id.*, Dkt. No.

13  34.) As Judge Phillips was a defendant in *Dydzak II*, she recused herself, and the matter was

14  again reassigned to Judge A. Howard Matz. Judge Matz denied Mr. Dydzak's motion for a

15  preliminary injunction, recounted Mr. Dydzak's multiple legal challenges to his disbarment up to

16  that point, and observed that the complaint in the matter was "largely incoherent." (*Id.*, Dkt. No.

17  41.)

18      Mr. Dydzak appealed Judge Matz's order to the Ninth Circuit, but while the appeal was

19  pending, Judge Matz granted the State Bar defendants' motion to dismiss. As in *Dydzak I* and the

20  application rejected by Judge Collins, the court held that the claims for declaratory and

21  injunctive relief were barred by *Younger* abstention and that the claims for monetary relief were

22  barred by the Eleventh Amendment. (*Id.*, Dkt. No. 51.) The Ninth Circuit denied Mr. Dydzak's

23  application to proceed *in forma pauperis* "because appellant has failed to show that the appeal is

24  not frivolous." (*Id.*, Dkt. Nos. 60, 62; CA 10-56000, Dkt. Nos. 5, 7 (9th Cir. 2011).)

25      Before the Ninth Circuit had rendered its order dismissing his appeal, Mr. Dydzak had

26  already filed his third lawsuit. *See Dydzak v. George, et al.*, C10-5820-SVW (C.D. Cal. 2010)

ORDER
PAGE - 3

1   (*Dydzak III*). He again alleged deprivation of rights under § 1983 and again named nearly all of

2   the defendants from *Dydzak I* and *II*, including the federal judge defendants from *Dydzak II*—

3   Klausner, Morrow, Wu, Phillips, Collins, and Rosenberg—despite the fact that Judge Anderson

4   had dismissed those claims *with prejudice*. (*See Dydzak II*, Dkt. No. 9.) This time, Mr. Dydzak

5   also sued the California Supreme Court and all seven of its justices individually, along with

6   Judges Matz and Feess. (*Dydzak III*, Dkt. No. 1.) He repeated his allegations from *Dydzak I* and

7   *II*, and larded his complaint with additional allegations of bias, conspiracy, and duplicity against

8   anyone even peripherally involved in his state bar proceedings.

9       The State Bar of California immediately moved to dismiss the complaint, and the United

10   States moved to appear as *amicus curiae* regarding the issue of judicial immunity. Notably, after

11   Judge Stephen Wilson granted the United States leave to appear, Mr. Dydzak voluntarily

12   dismissed the claims against the federal judges "without prejudice." (*Id.*, Dkt. No. 14.) On

13   November 8, 2010, in an 18-page order, Judge Wilson dismissed Mr. Dydzak's claims with

14   prejudice because (1) Mr. Dydzak was collaterally estopped from bringing his § 1983 claims

15   against the State Bar defendants; (2) the claims against the justices of the California Supreme

16   Court were barred by the doctrine of judicial immunity; and (3) the Eleventh Amendment barred

17   the claims against the remaining state entities. (*Id.*, Dkt. No. 16.) Mr. Dydzak moved for

18   reconsideration, which the court denied in another thoroughly drafted order. (*Id.*, Dkt. No. 23.)

19       That did not end the matter for Mr. Dydzak. He again appealed the dismissal of his

20   complaint, and, as he had in *Dydzak I*, moved to disqualify Judge Wilson and all judges and

21   magistrate judges of the U.S. District Court for the Central District of California. (*Id.*, Dkt. No.

22   28.) Ninth Circuit Chief Judge Kozinski designated Robert Whaley, Senior U.S. District Judge

23   for the Eastern District of Washington, to adjudicate the motion to disqualify. Judge Whaley

24   denied the motion, noting that Mr. Dydzak's allegations were "based on speculation and sources

25   that have not been identified." (*Id.*, Dkt. No. 42.) The Ninth Circuit again denied Mr. Dydzak's

26   application to proceed *in forma pauperis* because "the appeal is frivolous," and it ordered Mr.

ORDER
PAGE - 4

1  Dydzak to show cause why the judgment should not be summarily affirmed. (*Id.*, Dkt. No. 40;

2  CA 11-55143, Dkt. No. 13 (9th Cir. April 20, 2011).) Following Mr. Dydzak's response to the

3  order to show cause, the Ninth Circuit summarily affirmed the district court on July 7, 2011.

4        This brings us to the Complaint recently dismissed by this Court. (Dkt. Nos. 1, 16.) For

5  the fourth time in federal court, Mr. Dydzak alleged deprivation of rights under § 1983, in a

6  rehash of his previous three complaints. He sued the California Supreme Court and its justices as

7  individuals despite the prior dismissal of those claims with prejudice. He sued Judges Klausner,

8  Morrow, Phillips, Collins, and Rosenberg despite the prior dismissal of those claims with

9  prejudice. For good measure, he sued nearly all other judges of the U.S. District Court for the

10 Central District of California, regardless of their involvement in his prior matters. He also sued

11 Judge Whaley for denying his motion to disqualify the judges of the Central District in *Dydzak*

12 *III*. The Court spelled out the various fatal deficiencies in Mr. Dydzak's claims and again

13 dismissed his Complaint, this time *sua sponte*.

14 **II.    DISCUSSION**

15       The Federal Rules of Civil Procedure demand "the just, speedy, and inexpensive

16 determination of every action and proceeding." Fed. R. Civ. P. 1. A party who submits a

17 pleading or other paper to the court represents that it is not being presented "for any improper

18 purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

19 Fed. R. Civ. P. 11(b). The party also represents that the claims and other legal contentions are

20 warranted by existing law or by nonfrivolous argument for modifying such law. *Id.* It is the

21 policy of this Court to give effect to these Rules by discouraging vexatious litigation. *See* Local

22 Rule 83-8. Thus, after a litigant has had an opportunity to be heard, the Court may issue orders

23 necessary to control conduct it determines to be vexatious. Such orders may include the payment

24 of security to cover costs or sanctions that may be awarded against the litigant, or the

25 requirement that the Clerk not accept further filings from the litigant without authorization from

26 a judge of the Court. Local Rule 83-8.2.

ORDER
PAGE - 5

1      Mr. Dydzak's record of litigation in this Court speaks for itself. It evinces a clear practice

2   of moving to disqualify, and then filing § 1983 claims against, any judge who presides over a

3   matter in which he has been involved, based on nothing more than Mr. Dydzak's ever-expanding

4   visions of conspiracy. Mr. Dydzak has recently extended this practice to judges with no

5   involvement whatsoever in his state or federal proceedings. He has filed these claims without

6   regard for settled law or the rulings of this Court and the Ninth Circuit. The Court therefore finds

7   that there is sufficient justification for the issuance of an order to show cause why Mr. Dydzak

8   should not be declared a vexatious litigant.

9   **III.    CONCLUSION**

10      The Court orders Mr. Dydzak to SHOW CAUSE (1) why he should not be declared a

11   vexatious litigant, and (2) why he should not be prohibited from initiating any further litigation

12   in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 based on

13   his disbarment without prior authorization from this Court or the presiding judge of the U.S.

14   District Court for the Central District of California. In the absence of such a showing, Mr.

15   Dydzak will be declared a vexatious litigant under Local Rule 83-8 and will be required to

16   provide security in the amount of $5,000 for each defendant against whom he seeks to proceed

17   with Court authorization.

18      Mr. Dydzak's response to this Order to Show Cause must be filed no later than April 5,

19   2012 and may be incorporated into his response to the Court's prior order to show cause why he

20   should not be sanctioned (Dkt. No. 16), in a single filing not to exceed 12 double-spaced pages.

21      DATED this 7th day of March 2012.

22

23

24

25                        John C. Coughenour

26                        UNITED STATES DISTRICT JUDGE